UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| CITY OF MONROE | * | CIVIL ACTION NO. 09-0394 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| HERBERT OTWELL, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

**ORDER**

On March 11, 2009, the City of Monroe ("the City") filed the instant declaratory judgment complaint against 19 higher ranking members of the Monroe Police Department (the "Police Officer Defendants").[1] The City seeks a judgment against the Police Officer Defendants pursuant to 28 U.S.C. § 2201 declaring that they meet the executive and/or administrative exemptions from the overtime provisions of the Fair Labor Standards Act ("FLSA"). (Compl, ¶ 11; Prayer, ¶ 1).

"A federal court may not issue a declaratory judgment unless there exists an actual case or controversy." *Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008) (citation omitted). The burden is on the party seeking a declaratory judgment to establish the existence of an actual case or controversy, i.e. "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

---

[1] The City has since voluntarily dismissed 13 of the Police Officer Defendants. (*See*, Notice of Voluntary Dismissal Without Prejudice [doc. # 5]).
   The City also sought a declaratory judgment against 21 district fire chiefs and deputy fire chiefs with the Monroe Fire Department. (Compl.). However, in a separate report, the undersigned has recommended dismissal of those defendants. *See*, Report and Recommendation.

declaratory judgment. *See, Cardinal Chemical Co. v. Morton Intern., Inc.*, 508 U.S. 83, 113 S.Ct. 1967 (1993) (citation omitted); *Vantage Trailers, Inc. v. Beall Corp.*, __ F.3d ___, 2009 WL 1262388 (5th Cir. May 8, 2009) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764 (2007)). If plaintiff fails to meet this burden, then the court lacks jurisdiction. *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

In this case, the complaint contains no allegations to suggest that there is any current dispute between the City and the Police Officer Defendants regarding their eligibility for overtime under the FLSA. (*See*, Compl.). Accordingly, the undersigned *sua sponte* questions whether the court has jurisdiction to hear this matter.[2]

Within the next 15 days from today, plaintiff shall file a brief, together with appropriate, competent evidence, to establish the court's jurisdiction to retain this case. If plaintiff fails to so comply, or if jurisdiction is found to be lacking, then dismissal will be recommended. Fed.R.Civ.P. 12(h)(3).

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of June, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*