# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **CITY OF MONROE** | * | **CIVIL ACTION NO. 09-0394** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **HERBERT OTWELL, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, to amend Civil Action Number 06-1092 [doc. # 6], filed by declaratory defendants, Harold Arrant, Peter Bacle, James Bellard,[1] Timothy Dickerson, Carl Dunn, Charles Finkbeiner, William Finkbeiner, Larry Maxie, Ralph May, Mark McConaughey, Charles McGuire, Michael Meeks, Harold Moore, Bryan Nugent, James Parrott, David Ponthieux, Daniel Saterfield, James Tate, and Edgar Wink.[2] For reasons assigned below, it is recommended that the motion to dismiss be GRANTED.[3]

## BACKGROUND

On March 11, 2009, the City of Monroe ("the City") filed the instant declaratory

---

[1] James Bellard has already been voluntarily dismissed from the suit. (*See*, Notice of Voluntary Dismissal Without Prejudice [doc. # 5]).

[2] John Wallace also joined in the motion, but he is not a party to this case. Two other Firefighter Defendants, R.V. Wallace and David Wallace, did not join in the motion to dismiss. However, the instant analysis applies with equal force to these defendants.

[3] The Firefighter Defendants' alternative request to amend their complaint in Civil Action Number 06-1092 will be resolved via a ruling in that case where an equivalent motion for leave to amend is pending.

judgment complaint against 19 higher ranking members of the Monroe Police Department (the "Police Officer Defendants")[4] and 21 district fire chiefs and deputy fire chiefs with the Monroe Fire Department (collectively, the "Firefighter Defendants"). (Compl.). The City seeks a judgment against the Police Officer Defendants pursuant to 28 U.S.C. § 2201 declaring that they meet the executive and/or administrative exemptions from the overtime provisions of the Fair Labor Standards Act ("FLSA"). (Compl, ¶ 11; Prayer, ¶ 1). As against the Firefighter Defendants, the City notes that, except for defendants, R.V. Wallace and Carl D. Dunn, this court has already ruled that they are exempt from the FLSA's overtime provisions. *Id*. at ¶ 13 (citing *Monroe Firefighters Association, et al. v. City of Monroe*, Civil Action No. 06-1092 (W.D. La.). Although the Firefighter Defendants are exempt, the City seeks a judgment pursuant to 28 U.S.C. § 2201 declaring that they are not "excluded" from the FLSA's overtime provisions, and therefore remain ineligible for overtime payments under Louisiana Revised Statute 33:1994(A). (Compl., ¶¶ 14-15, Prayer, ¶ 2).

On May 12, 2009, the Firefighter Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction, or in the alternative, to amend Civil Action Number 06-1092. The City opposes the motion. Briefing is complete; the matter is now before the court.

## LAW AND ANALYSIS

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6*

---

[4] The City has since voluntarily dismissed 13 of the Police Officer Defendants. (*See*, Notice of Voluntary Dismissal Without Prejudice [doc. # 5]).

*Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104 F.3d 1256, 1260-1 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-9 (11th Cir. 1990); *see Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The instant motion raises a "facial attack."

The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. does not, in and of itself, confer federal subject matter jurisdiction. *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001) (citation omitted). Rather, the cause of action must arise under another federal law. *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). In this case, the City contends that the court may exercise subject matter jurisdiction via the federal question statute, 28 U.S.C. § 1331, because the matter "arises under" the FLSA, 29 U.S.C. § 201, *et seq*. (Compl., ¶ 8).

The federal question statute vests the federal courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded

3

complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of [her] own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42 (1908). Stated another way,

> whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of [her] own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 (1983) (quoted source omitted).

When applying the well-pleaded complaint rule to a declaratory judgment action, however, the court is compelled to ask whether "'if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.'" *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 329 (5th Cir. 2008) (citing *Franchise Tax Bd.*, 463 U.S. at 19, 103 S.Ct. 2841; *TTEA v. Ysleta del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir.1999)).[5] In other words, the court typically must discern federal question jurisdiction by transposing the parties in the declaratory judgment action. Doing so here produces a prospective claim for overtime payments by the Firefighter *Defendants* against the City under *state* law. La. R.S. 33:1994(A).

Nonetheless, a cause of action that is created by state law may still "arise under" the laws

---

[5] The declaratory judgment plaintiff cannot circumvent the well-pleaded complaint rule by using the declaratory judgment device to rearrange what otherwise would be an anticipated federal defense to a state law cause of action. *See, Barrois, supra* (citation omitted).

4

of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial disputed question of federal law. *Franchise Tax Bd.*, 463 U.S. at 13, 103 S.Ct. at 2848. More recently, the Supreme Court restated the inquiry as, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Engineering*, 545 U.S. 308, 125 S.Ct. 2363, 2368 (2005). However, "'the presence of a disputed federal issue ... [is] never necessarily dispositive.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Grable & Sons, supra*). It also "takes more than a federal element to open the 'arising under' door." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121 (2006) (citation omitted).

Per the Fifth Circuit, four requirements must be met before a federal issue embedded in a state law cause of action will confer federal question jurisdiction: "(1) resolving [the] federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh*, 538 F.3d at 338.

As discussed above, the City seeks a judgment declaring that the Firefighter Defendants are ineligible for overtime payments under Louisiana Revised Statute 33:1994(A) because they are not "excluded" from the FLSA's overtime provisions. (Compl., ¶¶ 14-15, Prayer, ¶ 2). The Louisiana statute provides in relevant part, that

> [o]vertime compensation for firefighters covered by this Subpart in cities having a population of thirteen thousand or more and that of all parish and fire protection district paid firefighters **shall be governed by the provisions of the federal Fair**

5

> **Labor Standards Act, as implemented in 29 CFR Part 553. In the event that such firefighters are subsequently excluded from the overtime compensation provisions of the Fair Labor Standards Act**, any firefighters having a work period of at least seven but not more than twenty-eight consecutive days shall receive overtime compensation at the rate of one and one-half times his usual salary, to be determined by reducing his average monthly salary to an hourly scale, for all hours worked in excess of the following maximum hours standards . . .

La. R.S. 33:1994 (emphasis added).

In other words, certain firefighters who are "excluded from the overtime compensation provisions of the [FLSA],"are entitled to overtime compensation under state law. *Id*. The principal question is what did the drafters of the state law mean by "excluded?" Did they mean "excluded" in a broad, imprecise sense to include firefighters who are "exempt" under the FLSA, or did they intend "excluded" to mean the specific, limited "exclusions" set forth in the FLSA and its implementing regulations? If the drafters intended the former construction, then there is neither a substantial, nor disputed federal issue because this court has already determined that the Firefighters Defendants are "exempt" from the overtime provisions of the FLSA. *See*, *Monroe Firefighters Association, et al. v. City of Monroe*, Civil Action No. 06-1092 Memorandum Ruling and Judgment (W.D. La. Feb. 23, 2009) [doc. #s 132-133];[6] *McCormick v. Excel Corp.*, 413 F. Supp. 2d 967, 969-970 (E.D. Wis. 2006) (federal issue was not "disputed and substantial" where the meaning of the term in the federal regulation had already been decided).

Alternatively, if the City's interpretation is correct, and the Firefighter Defendants

---

[6] There is no indication that the Firefighter Defendants or the City challenge this court's prior ruling, at least for purposes of a claim under § 33:1994. Also, although the ruling did not specifically address whether declaratory defendants, R.V. Wallace and Carl Dunn, are exempt under the FLSA, neither side contends here that Wallace and Dunn's circumstances are distinguishable.

although exempt, are not "excluded" from the overtime compensation provisions of the FLSA,[7] this still would not raise a substantial federal issue because this court has already ruled that the Firefighter Defendants are not entitled to overtime under the FLSA due to their status as "exempt" employees. Whether the Firefighter Defendants are also "excluded" or not from the FLSA's overtime provisions is immaterial and redundant for purposes of the FLSA, and does not significantly affect either side's rights under the federal statutory scheme.

Even if the state court were to adopt the City's interpretation of "excluded," its resulting foray into the FLSA would be all but perfunctory, as it should not prove too taxing to discern whether the Firefighter Defendants are elected officials, not subject to civil service provisions, and/or employed by the legislative branches. *See*, 29 U.S.C. § 203(e)(2)(C); 29 C.F.R. §§ 553.11-12. In short, the sole, substantial and dispositive issue for the Firefighter Defendants' prospective claim under 33:1994 is whether the state legislature intended "excluded" to include "exempt."

The responsibility to interpret and divine the intent of the state legislature is a task best resolved by the state's own courts;[8] therefore, the City has not demonstrated that the Firefighter

---

[7] An interpretation which this court does not necessarily share. *See*, *Monroe Firefighters Association, et al. v. City of Monroe*, Civil Action No. 06-1092 Memorandum Ruling and Order (W.D. La. Mar. 31, 2009) [doc. #s 144-145].

[8] Although this court observed in *Monroe Firefighters Association v. City of Monroe* that eventually, it may be compelled to interpret Louisiana Revised Statute 33:1994, this will not necessarily come to pass. *See, Monroe Firefighters Association v. City of Monroe*, 2009 WL 916272 (W.D. La. Mar. 31, 2009). Moreover, there is no reason that this issue cannot proceed concurrently in both the state and federal courts.
To the extent that the issue of FLSA exclusions is before this court in Civil Action Number 09-0681, the undersigned has recently questioned the court's subject matter jurisdiction to entertain that matter. *See*, Order, Civil Action Number 09-0681.

Defendants' prospective remedy under § 33:1994 meets the stringent and limited circumstances whereby a federal court may exercise federal question jurisdiction as a result of a federal issue embedded within a state law cause of action. *Singh, supra*.[9]

Despite the court's lack of original jurisdiction to adjudicate the City's declaratory judgment action against the Firefighter Defendants, the court conceivably could still exercise supplemental jurisdiction over these parties by virtue of the asserted federal question jurisdiction ostensibly conferred via the City's cumulated action against the Police Officer Defendants. *See*, 28 U.S.C. § 1367(a). However, the City did not invoke the court's supplemental jurisdiction in its complaint, nor did it urge the court to exercise supplemental jurisdiction in opposition to the pending motion to dismiss.[10] Moreover, the undersigned questions whether this court enjoys subject matter jurisdiction to entertain the City's claim for declaratory relief against the Police Officer defendants, due to the apparent lack of any "actual controversy" between the City and the

---

[9] The City does not assert any other basis for the exercise of federal question or diversity jurisdiction.

[10] It is also manifest that the City improperly joined both sets of declaratory defendants in one suit. *See*, Fed.R.Civ.P. 20. A plaintiff seeking to join parties under Rule 20 must meet two requirements: 1) a right to relief asserted against them jointly, severally, or in the alternative that arises out of the same transaction, occurrence, or series of transactions or occurrences; and 2) a question of law or fact common to all defendants that will arise in the action. Fed.R.Civ.P. 20; *see also, Amie v. City of Jennings, La.*, 2005 WL 3007009 (W.D. La. Nov. 8, 2005). Here, the City meets neither requirement. There is no claim for joint, several, or alternative relief against the parties that arises out of the same transaction or occurrence. Moreover, there is no indication that the City's request for a declaration that the Police Officer Defendants are exempt under the FLSA shares any common issues or facts with their unrelated request for a declaratory judgment against the Firefighter Defendants for their potential claim for overtime under state law. *See*, discussion, *supra*. Accordingly, the parties are misjoined and must be severed. Fed.R.Civ.P. 21. Once severed, any original subject matter jurisdiction conferred by the City's claim for declaratory relief against the Police Officer Defendants does not provide grounds for exercising supplemental jurisdiction over the claim against the Firefighter Defendants.

Police Officers. *See, Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006) (if plaintiff fails to satisfy "case or controversy" requirement, then the court is without jurisdiction).[11]

For the foregoing reasons, the undersigned finds that plaintiff has failed to establish the court's subject matter jurisdiction to entertain its claim for declaratory relief against the Firefighter Defendants. *Howery, supra*; 28 U.S.C. §§ 1331 & 1332. Dismissal is required. Fed.R.Civ.P. 12(b)(1). Accordingly,

**IT IS RECOMMENDED** that the motion to dismiss [doc. # 6] filed by the Firefighter Defendants be **GRANTED**, and that the City's complaint against defendants, Harold Arrant, Peter Bacle, Timothy Dickerson, Carl Dunn, Charles Finkbeiner, William Finkbeiner, Larry Maxie, Ralph May, Mark McConaughey, Charles McGuire, Michael Meeks, Harold Moore, Bryan Nugent, James Parrott, David Ponthieux, Daniel Saterfield, James Tate, Edgar Wink, R.V. Wallace, and David Wallace be **DISMISSED, without prejudice**. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

---

[11] This issue will be raised by separate order.

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day June 2009.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE