UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| CITY OF MONROE | * | CIVIL ACTION NO. 09-0394 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| HERBERT OTWELL, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a notice of intent to dismiss for lack of subject matter jurisdiction. (*See* June 17, 2009, Order [doc. # 12]). For reasons stated below, it is recommended that plaintiff's remaining complaint be DISMISSED, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

## Background

On March 11, 2009, the City of Monroe ("the City") filed the instant declaratory judgment complaint against 19 higher ranking members of the Monroe Police Department (the "Police Officer Defendants").[1] The City seeks a judgment against the Police Officer Defendants pursuant to 28 U.S.C. § 2201 declaring that they meet the executive and/or administrative exemptions from the overtime provisions of the Fair Labor Standards Act ("FLSA"). (Compl, ¶

---

[1] The City has since voluntarily dismissed 13 of the Police Officer Defendants. (*See*, Notice of Voluntary Dismissal Without Prejudice [doc. # 5]). The only remaining defendants are Herbert Otwell, Gaye Barnes, Don Bartley, James Fried, Billy Kemp, and Tom Torregrossa.
 The City also sought a declaratory judgment against 21 district fire chiefs and deputy fire chiefs with the Monroe Fire Department. (Compl.). However, the court has since dismissed these defendants. (July 17, 2009, Judgment [doc. # 15]).

11; Prayer, ¶ 1).

On June 17, 2009, the undersigned questioned whether the court enjoyed subject matter jurisdiction in this matter because the complaint contains no allegations to suggest that there is any current dispute between the City and the Police Officer Defendants. (June 17, 2009, Order [doc. # 12]). The undersigned afforded plaintiff 15 days to file a brief, together with appropriate, competent evidence, to establish the court's jurisdiction to retain the matter. *Id*. The City was cautioned that if it failed to so comply, or if jurisdiction was found to be lacking, then dismissal would be recommended. *Id*. The delays have since lapsed, without any response by plaintiff. The matter is now before the court.

## Law and Analysis

Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

"A federal court may not issue a declaratory judgment unless there exists an actual case or controversy." *Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008) (citation omitted). The burden is on the party seeking a declaratory judgment to establish the existence of an actual case or controversy, i.e. "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See, Cardinal Chemical Co. v. Morton Intern., Inc.*, 508 U.S. 83, 113

S.Ct. 1967 (1993) (citation omitted); *Vantage Trailers, Inc. v. Beall Corp.*, ___ F.3d ___, 2009 WL 1262388 (5th Cir. May 8, 2009) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764 (2007)). If the plaintiff fails to meet this burden, then the court lacks jurisdiction. *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

Despite having been afforded an opportunity to so, the City has not endeavored to establish that its request for declaratory relief against the Police Officer Defendants presents an actual case or controversy sufficient to support subject matter jurisdiction. Accordingly, the undersigned is compelled to find that the court lacks subject matter jurisdiction to retain plaintiff's remaining claim. *See Hosein, supra*. Of course, in the absence of subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(h)(3).

For the reasons set forth above,

**IT IS RECOMMENDED** that plaintiff, the City of Monroe's complaint against all remaining defendants be **DISMISSED, without prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 20th day of July 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE